UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **April Shakoor-Delgado**, individually and on behalf of all others similarly situated, | No. |
| Plaintiff, | Judge |
| v. | |
| **Fairway Independent Mortgage Corporation** | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| Defendant. | |

Plaintiff, April Shakoor-Delgado ("Plaintiff"), individually and on behalf of all other persons similarly situated, and as her Complaint against Defendant, Fairway Independent Mortgage Corporation (hereafter "Defendant" or "Fairway") alleges as follows:

### PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*., Illinois Wage Payment and Collection Act ("IWPCA"), 820 115/1 *et seq*. and Fed. R. Civ. P. 23 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.      Plaintiff, the Collective Members and the Class Members are current and former employees of Fiarway.  Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt employees who were not paid all minimum wages and overtime wages owed under law (also referred to as the "Covered Positions").

3.      The Collective Members are all current and former non-exempt employees who were not paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek (also referred to as the "Covered Positions") at any time starting three years before this Complaint was filed, up to the present.

1

4.      The IMWL Class Members are all current and former non-exempt employees who were employed in Illinois and were not paid one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek at any time starting three years before this Complaint was filed, up to the present.

5.      The IWPCA Class Members are all current and former non-exempt employees who were employed in Illinois and who worked for Fairway remotely at any time starting January 1, 2019, up to the present.

6.      Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

7.      Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a). Fairway violated the IWPCA by failing to adequately reimburse Plaintiff and the IWPCA Class Members for the equipment, internet, cell phone, and remote office expenses necessary to perform their job duties for Fairway.

8.      Plaintiff, the Collective Members and the IMWL Class Members were paid commissions in their work for Fairway. However, Fairway did not pay Plaintiff, the Collective Members and the IMWL Class Members any overtime whatsoever for the work that was performed which was in excess of forty (40) hours in any given workweek.

2

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within judicial district.

11.     Fairway is a Wisconsin corporation with its principal place of business in Madison, Wisconsin.

12.     Plaintiff, the Collective Members and the Class Members in their work for Fairway were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

13.     At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in DuPage County, Illinois, and is a former employee of Fairway.

14.     Plaintiff was been employed by Fairway as a loan officer from approximately December 1, 2020 through approximately December 31, 2021.

15.     The IMWL Class Members, IWPCA Class Members and Collective Members are all current and former employees in the Covered Positions who worked for Fairway at any point in the three years preceding the filing of this Complaint.

16.     Under the IMWL, IWPCA and FLSA, Fairway is an employer.  At all relevant times, Fairway had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the

Class Members' employment.  As a person who acted in the interest of Fairway in relation to the company's employees, Fairway is subject to liability under the IMWL, IWPCA and FLSA.

17.     At all material times, Plaintiff and the Class and Collective Members were employees of Fairway as defined by the IMWL, IWPCA and FLSA, 29 U.S.C. § 203(e)(1).

18.     At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

19.     Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b) which is attached hereto as Exhibit A.

20.     At all relevant times, Plaintiff and the Class and Collective Members, in their work for Fairway, were engaged in commerce or the production of goods for commerce.

21.     At all relevant times, Plaintiff and the Class and Collective Members, in their work for Fairway were engaged in interstate commerce.

## FACTUAL ALLEGATIONS

22.     Fairway is a full-service mortgage lender.

23.     At all relevant times, Plaintiff, the Collective Members and the IMWL Class Members were paid on a commission basis.

24.     At all relevant times, Plaintiff, the Collective Members and the IMWL Class Members regularly worked in excess forty hours in a given workweek.

25.     For example, Plaintiff routinely averaged at least forty-five (45) hours per week and it was common for Plaintiff to work sixty (60) hours in a week.

26.     However, Fairway failed to pay Plaintiff, the Collective Members and the IMWL Class Members any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

4

27.    For example, during the workweek beginning October 18, 2021 and ending October 24, 2021, Plaintiff worked no less than forty five (45) hours. However, Fairway failed to pay Plaintiff an overtime for the hours that she worked which were in excess of forty (40) hours.

28.    The IMWL Class Members and the Collective Members were likewise paid on a commission basis.

29.    The IMWL Class Members and the Collective Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

30.    The IMWL Class Members and the Collective Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

31.    Plaintiff, the IMWL Class Members and the Collective Members were non-exempt employees.

32.    Plaintiff, the IMWL Class Members and Collective Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of Fairway's employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

33.    The primary duty of Plaintiff, the IMWL Class Members and Collective Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

34.    At all relevant times, Plaintiff and the IWPCA Class Members work to meet the day-to-day customer service needs of Fairway.

35.    In other words, without Plaintiff and the IWPCA Class Members, Fiarway would have little to no customer service and Fairway would not be able to operate as a profitable business.

5

36.    At all relevant times, Fairway imposed strict high-speed internet, dedicated phone, and dedicated home office space requirements upon Plaintiff and the IWPCA Class Members.

37.    At all relevant times, Fairway failed to reimburse Plaintiff and the IWPCA Class Members for the costs of such high-speed internet, phone, and dedicated home office expenses.

38.    At all relevant times, the high-speed internet required by Fairway was for Fairway's benefit.

39.    At all relevant times, Plaintiff and the IWPCA Class Members were required to work on Fairway's software platform, which requires employees to be connected to the internet via a high-speed connection.

40.    In other words, Plaintiff and the IWPCA Class Members could not fulfill their job duties for Fairway without a high-speed connection.

41.    At all relevant times, the Plaintiff and the IWPCA Class Members were required by Fairway to have a phone in order to communicate with Fairway's customers and employees. This was for Fairway's benefit.

42.    In other words, Plaintiff and the IWPCA Class Members could not fulfill their job duties for Fairway without a high-speed internet connection and phone.

43.    At all relevant times, Plaintiff had to provide a business-grade highspeed internet line which cost her approximately $200 per month. At all relevant times, this expense was not eligible for reimbursement by Fairway.

44.    At all relevant times, Plaintiff had to provide an unlimited data cell phone plan which cost her approximately $100.00 per month. At all relevant times, this expense was not eligible for reimbursement by Fairway.

6

45.    At all relevant times, Fairway required Plaintiff and the IWPCA Class Members to provide and maintain a quiet, dedicated, clutter-free remote workspace.

46.    Fairway's home office requirements are designed to ensure that its brand standards are met and that Fairway presents itself to its customers in a professional and positive light.

47.    Rather than providing and maintaining appropriate office space for Plaintiff and the IWPCA Class Members, Fairway passed the expense of providing the same to Plaintiff and the IWPCA Class Members without reimbursing them for any of the expenses for providing and maintaining the same.

48.    Plaintiff and the IWPCA Class Members have been responsible for equipment and monthly expenses associated with maintaining a functional and appropriate remote office.

49.    For example, Plaintiff was required to purchase a printer, toner, paper and other office supplies in order to perform her job for Fairway.

50.    At all relevant tines, Fairway was aware that Plaintiff and the IWPCA Class Members were paying for the necessary expenditures detailed herein.

51.    At all relevant times, Fairway had no expense reimbursement policy which permitted Plaintiff and the IWPCA Class Members to request that these necessary expenditures be reimbursed by Fairway.

52.    In fact, at all relevant times, it was Fairway's policy that the necessary expenditures detailed herein were not eligible for reimbursement.

## COLLECTIVE ACTION ALLEGATIONS

53.    Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

54.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former employees of Fairway in the Covered Positions.

55.     Fairway subjected all of their employees within the Covered Positions, including Plaintiff and the Collective Members, to their policy and practice of not paying them one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

56.     At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Fairway's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying the employees within the Covered Positions one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

57.     Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

58.     The Collective Members perform or have performed the same or similar work as Plaintiff.

59.     Fairway's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

8

60.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Fairway that caused harm to all of the Collective Members.

61.    As such, Plaintiff bring her FLSA minimum wage and overtime claim as a collective action on behalf of the following class:

> **All current and former loan officers who worked in excess of forty (40) hours in any given workweek for Fairway and were compensated on a commission-basis, at any time starting three years before this Complaint was filed, up to the present.**

62.    Fairway's unlawful conduct, as described herein, is pursuant to its corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

63.    Fairway was aware or should have been aware that federal law prohibited them from failing to pay Plaintiff and the Collective Members minimum wage and one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

64.    Fairway's unlawful conduct has been widespread, repeated, and consistent.

65.    This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

66.    Upon information and belief, the individuals similarly situated to Plaintiff include hundreds, and possibly thousands, of current and former Fairway employees. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Fairways's possession, custody, or control, but it can be readily ascertained from their employment records.

9

67.     Notice can be provided to the Collective Members by First Class Mail to the last address known to Fairway, via email at the last known email address known to Fairway, by text message to the last known telephone number known to Fairway and by workplace posting at each of Fairway's facilities.

## RULE 23 CLASS DEFINITIONS AND ALLEATIONS

68.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69.     Plaintiff brings Claims for Relief for violation of the IMWL as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of himself and all members of the following Class Members:

> **The IMWL Class Members are current and former loan officer who worked in excess of forty (40) hours in any given workweek for Fairway in Illinois and were paid on a commission basis at any time starting three years before this Complaint was filed, up to the present.**

> **The IWPCA Class Members are current and former loan officers who worked remotely for Fairway in Illinois at any time from January 1, 2019 up to the present.**

> **Numerosity (Rule 23(a)(1)).**

70.     The Classes are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Fairway employed greater than one hundred people who satisfy the definition of the IMWL and IWPCA Class.

### a. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).

71.     Common questions of law and fact exist as to the Plaintiffs and the members of the IMWL and IWPCA Class including, but not limited to, the following:

> a.  Whether Fairway unlawfully failed to pay members of the IMWL Class overtime wages, in violation of the Illinois Minimum Wage Law;

10

b. Whether Fairway failed to adequately reimburse the IWPCA Class Members for the costs of performing their job duties remotely in their work for Fairway;

c. Whether Fairway unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

d. The damages sustained and the proper measure of restitution recoverable by members of the IMWL and IWPCA Classes.

### b.  Typicality (Rule 23(a)(3)).

72.      Plaintiff's claims are typical of the members of the IMWL and IWPCA Class Members' claims. Plaintiff, like other members of the IMWL and IWPCA Classes, was subjected to Fairway's illegal scheme to maximize profits by depriving their employees of overtime compensation and making adequate expense reimbursements.

### c.  Adequacy (Rule 23(a)(4)).

73.      Plaintiff will fairly and adequately represent and protect the interests of the members of the IMWL and IWPCA Classes. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d.  Injunctive and Declaratory Relief (Rule 23(b)(2)).

74.      Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Fairway acted or refused to act on grounds generally applicable to the members of the IMWL Class, making appropriate declaratory relief with respect to the members of the IMWL and IWPCA Classes as a whole.

### e.  Predominance and Superiority of Class Action (Rule 23(b)(3)).

75.      Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3)

because questions of law and fact common to members of the IMWL and IWPCA Classes predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Fairway's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the IMWL and IWPCA Classes are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Fairway's practices.

76.      Plaintiff intends to send notice to all members of the IMWL and IWPCA Class Members to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

77.     Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

78.     Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rate of pay for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215.

79.     At all relevant times, Plaintiff and the Collective Members regularly worked in excess of forty hours in a given workweek and Fairway failed to pay them any overtime whatsoever.

12

80.    For example, Plaintiff routinely averaged at least forty-five (45) hours per week and it was common for Plaintiff to work sixty (60) hours in a week.

81.    For further example, during the workweek beginning October 18, 2021 and ending October 24, 2021, Plaintiff worked no less than forty five (45) hours. However, Fairway failed to pay Plaintiff an overtime for the hours that she worked which were in excess of forty (40) hours. Plaintiff was not paid any overtime whatsoever for the hours which she worked that were in excess of forty hours.

82.    The Collective Members were likewise paid on a commission basis.

83.    The Collective Members likewise worked in excess of forty (40) hours in a given workweek during the three-years prior to the filing of this lawsuit.

84.    The Collective Members likewise were not paid any overtime whatsoever for their work which was in excess of forty hours in any given workweek.

85.    The FLSA further provides that wages cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." 29 C.F.R. § 531.35. The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act.

13

86.     Fairway further violated the overtime provisions of the FLSA by requiring Plaintiff and the Collective Members to "kick-back" the costs of high-speed internet, phone and other home office expenses as further detailed herein.

87.     As a result, Fairway has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

88.     Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

89.     Fairway knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Fairway was aware of the FLSA's minimum wage overtime requirements. As such, Fairway's conduct constitutes a willful violation of the FLSA.

90.     As a result of Fairway's failure or refusal to pay Plaintiff and the Collective Members overtime as detailed herein, Fairway violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation all unpaid minimum and overtime wages, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: ILLINOIS MINIMUM WAGE LAW UNPAID OVERTIME

91.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

14

92.     The Illinois Administrative Code provides that the Director of the Illinois Department of Labor, in interpreting the IMWL and regulations thereunder, may look to the United States Department of Labor's regulations and interpretations of the FLSA. *See* Ill. Admin. Code tit. 56, pt. 210.120 (2012). But the Code also provides that where there are concurrent state and federal powers, the stricter of the two shall prevail. *See* Ill. Admin. Code tit. 56, pt. 210.100 (2012). Thus, if there is a difference in the interpretation of the IMWL and FLSA, the IMWL is more favorable to the employee. *See Driver,* 890 F. Supp 2d at 1011.

93.     At all relevant times, Plaintiff and the IMWL Class Members were compensated on a commission basis. However, Fairway failed to ensure that Plaintiff and the IMWL Class Members earned at least the Illinois minimum wage in each and every workweek

94.     At all relevant times, Plaintiff and the IMWL Class Members regularly worked in excess forty hours in any given workweek. However, Fairway failed to pay Plaintiff and the IMWL Class Members any overtime whatsoever for the hours that they worked which were in excess of forty (40) hours in a given week.

95.     At all relevant times, Fairway further violated the IMWL by  requiring Plaintiff and the IMWL Class Members to "kick-back" the costs of high-speed internet, phone and other home office expenses as further detailed herein.

96.     Fairway has engaged in a widespread pattern and practice of violating the overtime provisions of the IMWL by failing and/or refusing to pay Plaintiff and the IMWL Class Members in accordance with the IMWL.

97.     Fairway has willfully failed and/or refused to pay Plaintiff and the IMWL Class Members overtime according to the provisions of the IMWL.

98.     Although at this stage, Plaintiff and the IMWL Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the IMWL Class Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

99.     Fairway knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the IMWL Class Members over the course of their working from home would violate Illinois law, and Fairway was aware of the Illinois overtime wage requirements during Plaintiff's and the IMWL Class Members' employment.  As such, Fairway's conduct constitutes a willful violation of the IMWL.

100.    Fairway has and continues to willfully violate the IMWL by not paying Plaintiff and the IMWL Class Members all minimum and overtime wages as detailed herein.

101.    As a result of Fairway's failure or refusal to pay Plaintiff and the IMWL Class Members overtime as detailed herein, Fairway violated IMWL 820 § 105/4(a).  Plaintiff and the IMWL Class Members are therefore entitled to all unpaid overtime wages, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

## COUNT THREE: ILLINOIS WAGE PAYMENT AND COLLECT ACT UNLAWFUL EXPENSE REIMBURSEMENTS

102.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103.    Under the IWPCA, "[a]n employer shall reimburse an employee for all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer." 820 ILCS 115/9.5(a). Fairway violated

16

the IWPCA by failing to adequately reimburse Plaintiff and the IWPCA Class Members for the equipment, internet, cell phone, and remote office expenses necessary to perform their job duties for Fairway.

104. Plaintiff and the IWPCA Class Members work in a "remote" work-from-home environment.

105. At all relevant times, Plaintiff and the IWPCA Class Members work to meet the day-to-day customer service needs of Fairway.

106. In other words, without Plaintiff and the IWPCA Class Members, Fairway would have little to no customer service and Fairway would not be able to operate as a profitable business.

107. At all relevant times, Fairway has imposed strict high-speed internet, dedicated phone, and dedicated home office space requirements upon Plaintiff and the IWPCA Class Members.

108. At all relevant times, Fairway has failed to reimburse Plaintiff and the IWPCA Class Members for the costs of such high-speed internet, phone, and dedicated home office expenses.

109. At all relevant times, the high-speed internet required by Fairway was for Fairway's benefit.

110. At all relevant times, Plaintiff and the IWPCA Class Members were required to work on Fairway's software platform, which requires employees to be connected to the internet via a high-speed connection.

111. In other words, Plaintiff and the IWPCA Class Members could not fulfill their job duties for Fairway without a high-speed connection.

17

112.    At all relevant times, the Plaintiff and the IWPCA Class Members were required by Fairway to have a phone in order to communicate with Fairway customers and employees. This was for Fairway's benefit.

113.    In other words, Plaintiff and the IWPCA Class Members could not fulfill their job duties for Fairway without a high-speed internet connection and phone.

114.    At all relevant times, Plaintiff had to provide a business-grade highspeed internet line which cost her approximately $200 per month. At all relevant times, this expense was not eligible for reimbursement by Fairway

115.    At all relevant times, Plaintiff had to provide an unlimited data cell phone plan which cost her approximately $84.00 per month. At all relevant times, this expense was not eligible for reimbursement by Fairway.

116.    At all relevant times, Fairway required Plaintiff and the IWPCA Class Members to provide and maintain a quiet, dedicated, clutter-free remote work space.

117.    Fairway's home office requirements are designed to ensure that its brand standards are met and that Fairway presents itself to its customers in a professional and positive light.

118.    Rather than providing and maintaining appropriate office space for Plaintiff and the IWPCA Class Members, Fairway passed the expense of providing the same to Plaintiff and the IWPCA Class Members without reimbursing them for any of the expenses for providing and maintaining the same.

119.    Plaintiff and the IWPCA Class Members have been responsible for equipment and monthly expenses associated with maintaining a functional and appropriate remote office.

18

120.     For example, Plaintiff was required to purchase a printer, toner, paper and other office supplies in order to perform her job for Fairway.

121.     At all relevant tines, Fairway was aware that Plaintiff and the IWPCA Class Members were paying for the necessary expenditures detailed herein.

122.     At all relevant times, Fairway had no expense reimbursement policy which permit Plaintiff and the IWPCA Class Members to request that these necessary expenditures be reimbursed by Fairway.

123.     In fact, at all relevant times, it was Fairway's policy that the necessary expenditures detailed herein were not eligible for reimbursement.

124.     As a result, Fairway has intentionally failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

125.     Fairway has willfully failed and/or refused to pay Plaintiff and the IWPCA Class Members according to the provisions of the IWPCA.

126.     Although at this stage, Plaintiff and the IWPCA Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the IWPCA Class Members believe that such information will become available during the course of discovery.

127.     As a result of Fairway's failure or refusal to adequately reimburse Plaintiff and the Class Members for the internet, cell phone and equipment expenses necessary to perform their job duties for Fairway, Fairway violated 820 ILCS 115/9.5(a).  Plaintiff and the IWPCA Class Members are therefore entitled to payment of all unreimbursed expenses, plus statutory damages and interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, April Shakoor-Delgado individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members', the IMWL Class Members' and the IWPCA Class Members' favor, and against Defendant, Fairway Independent Mortgage Corporation:

A.    For the Court to declare and find that Fairway committed one or more of the following acts:

      i.    violated the overtime provisions of the FLSA;

      ii.    willfully violated the overtime provisions of the FLSA;

      iii.    violated the overtime provisions of IMWL;

      iv.    willfully violated overtime provisions of the IMWL;

      v.    violated the expense reimbursement provisions of the IWPCA; and

      vi.    willfully violated the expense reimbursement provisions of the IWPCA.

B.    For the Court to award damages in the amounts of all unpaid overtime wages and expenses due and owing to Plaintiff, the Collective Members and the Class Members;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiff and the IMWL Class Members under the IMWL.

F.    For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiff and the IWPCA Class Members under the IWPCA.

G.     For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint.

H.     For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and Class Members and for the risks she took in doing so; and

I.     Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, the FLSA Collective, and the Illinois Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  October 8, 2024.

Respectfully submitted,

By: /s/ *James L. Simon*
James L. Simon
SIMON LAW CO.
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

s/ *Michael L. Fradin*
Michael L. Fradin, Esq. (*pro hac vice* forthcoming)
FRADIN LAW, LLC
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com